UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JULIAN MARCUS RAVEN,

        Plaintiff,

    v.

KIM SAJET, Director, National Portrait Gallery,

        Defendant.

Civil Action No. 22-2809 (CRC)

## MOTION FOR LEAVE TO FILE AN INTERLOCUTORY APPEAL TO THE SUPREME COURT OF THE UNITED STATES

**To the Honorable Judge of the District Court for the District of Columbia:**

Plaintiff, Julian Raven, respectfully moves this Court for leave to file an interlocutory appeal to the United States Supreme Court under 28 U.S.C. § 1254 and the Supreme Court's Rule 11. This motion seeks to address and resolve several critical constitutional issues that remain unanswered in the present case, *22-CV-2809*, involving the Smithsonian Institution. Given the significant First Amendment Free-Speech legal questions at stake, it is necessary for the U.S. Supreme Court to clarify these issues for the sake of public understanding, legal consistency, and the protection of First Amendment rights.

### I. BACKGROUND AND UNANSWERED CONSTITUTIONAL ISSUES

This case involves fundamental questions about the Smithsonian's status as a federally funded entity that is also treated as a private trust. While the Smithsonian claims it operates as a private institution, its funding structure and governance by federal officials raise serious constitutional concerns. These issues remain unresolved despite extensive litigation and judicial review, and immediate guidance from the U.S. Supreme Court is necessary.

1. **First Amendment Rights and Government Speech Doctrine**:
   Plaintiff Julian Raven's claims of free speech violations remain unaddressed due to the application of the government speech doctrine. Lower courts have concluded that

    because the Smithsonian receives federal funding and is governed by federal officials, its actions fall under the government speech doctrine. However, this application of the doctrine requires clarification, particularly with regard to artistic expression in federally supported institutions. *See Lebron v. Amtrak* (1995), where the Court found that entities controlled by the government are not exempt from First Amendment protections even if they maintain a private status.

2. **The Smithsonian's Legal Status: Private Trust or Federal Agency?**
   The Smithsonian's dual status as both a private trust and a federally funded entity creates a legal conundrum that has yet to be definitively resolved by the courts. The Smithsonian's hybrid nature violates fundamental principles of constitutional law, particularly the doctrine of separation of powers. The Board of Regents, which oversees the Smithsonian, is composed of individuals from all three branches of government. This structure raises serious constitutional issues that have not been adequately addressed by the lower courts. *See Pennsylvania v. Board of Trusts* (1959), where private entities operated by public officials were held to constitutional standards. The question remains whether the Smithsonian's actions are truly separate from the actions of the federal government.

3. **Separation of Powers Doctrine**:
   The Smithsonian's governance structure, involving federal officials from Congress, the Executive, and the Judiciary, raises serious separation of powers concerns. This unique structure violates the intent of the Constitution, which requires the branches of government to remain distinct and separate. As a result, the Smithsonian may not be able to legally operate as both a private entity and a federal agency simultaneously, as this creates a conflict of interest and undermines the checks and balances system central to U.S. governance. The court has yet to address this critical constitutional issue.

4. **The Failure to Resolve Key Constitutional Issues**:
   The continued failure of the lower courts to resolve the key constitutional questions regarding the Smithsonian's governance and the rights of individuals who engage with it requires immediate intervention. The uncertainty surrounding the Smithsonian's legal status continues to infringe upon the constitutional rights of individuals like Julian Raven, whose freedom of expression has been curtailed.

## II. RELEVANT CASE LAW: LINDKE V. FREED

One particularly relevant and persuasive case is *Lindke v. Freed*, where the court concluded that even when public institutions are managed by private entities, the constitutional rights of individuals are not abrogated. In *Lindke*, the court ruled that when public officials use social media accounts for official purposes, any restrictions on speech are subject to First Amendment scrutiny. The Court stated, **"when a public official uses social media accounts for official government functions, they cannot engage in viewpoint discrimination or block individuals based on their views."** This ruling strengthens Raven's argument that the Smithsonian, even if it claims a private status, must comply with constitutional standards, particularly when it engages in activities that are funded by the government and involve public officials.

Furthermore, *Lindke* explicitly rejected the idea that public officials can arbitrarily suppress free speech just because they use a "personal" platform. The Court noted, **"The fact that a social media account is categorized as personal does not exempt a public official from First Amendment constraints when the account is used to carry out official duties."** This principle is directly applicable to Raven's case, where the Smithsonian's actions, despite its claimed private status, reflect government authority and the use of taxpayer funds. As such, the Smithsonian must be held to the same standards of constitutional accountability as other public entities.

Yet, despite the clarity provided by *Lindke*, these constitutional issues remain unresolved at the District Court level in Raven's case, necessitating immediate intervention by the Supreme Court.

## III. WHY INTERLOCUTORY APPEAL IS WARRANTED

An interlocutory appeal is warranted in this case for several reasons:

1. **Immediate Constitutional Clarification**: The issues at stake are of significant constitutional importance, involving not only the First Amendment but also the separation of powers and the legal status of a federally funded entity. Immediate review by the Supreme Court is essential to resolve these issues once and for all.
2. **Legal Precedents and Inconsistent Lower Court Rulings**: The lower courts have failed to address key precedents such as *Lebron v. Amtrak*, *Pennsylvania v. Board of Trusts*, and *Lindke v. Freed*, which directly relate to the legal status of institutions like the Smithsonian. The Supreme Court's intervention will ensure that these precedents are applied correctly, providing clarity for future cases involving similar legal questions.
3. **Urgency of the Issues**: The continued suppression of Julian Raven's First Amendment rights, as well as the unresolved separation of powers issues, demand urgent resolution. The legal uncertainty surrounding the Smithsonian's hybrid status and its governance structure undermines public confidence in the institution and its accountability to the American people.

## IV. REQUEST FOR RELIEF

For the reasons outlined above, Petitioner Julian Raven respectfully requests that this Court grant leave to file an interlocutory appeal to the United States Supreme Court to resolve the following critical constitutional issues:

1. Whether the Smithsonian Institution, as a federally funded entity, must adhere to First Amendment protections, or whether its actions fall solely within the government speech doctrine.
2. Whether the Smithsonian's dual status as a private trust and a federally governed institution violates the separation of powers.
3. Whether the Smithsonian's governance structure, involving officials from all three branches of government, presents a constitutional conflict and must be restructured.

Respectfully submitted, Monday, December 2nd, 2024

Julian Raven, Pro Se

105 Capital St. #302
Lynchburg, Virginia, 24502
434-221-1676
julianmarcusraven@gmail.com

Affidavit

I, Julian Marcus Raven, do hereby affirm that a copy of the above said motion for an interlocutory Appeal to the U.S. Supreme Court has been served on Defendant's attorney Dimitar Georgiev.

Monday, December 2nd, 2024

Julian Raven, Pro Se

105 Capital St. #302
Lynchburg, Virginia, 24502
434-221-1676
julianmarcusraven@gmail.com